IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **VERNON MADISON,** | ) | |
| **Petitioner** | ) | |
| vs. | ) | CIVIL ACTION NO. 09-00009-KD-B |
| | ) | |
| **RICHARD ALLEN, Commissioner of the Alabama Department of Corrections, and the ATTORNEY GENERAL OF THE STATE OF ALABAMA,** | ) ) ) ) | |
| | ) | |
| **Respondents.** | ) | |

### ORDER

This matter is before the Court on the following: defendant's "Motion For Appointment of Counsel in a Habeas Death Case" (doc. 2); defendant's "Motion for Leave to Proceed *In Forma Pauperis*" (doc. 3) and Patrick F. McCann's "Motion to Appeal Pro Hac Vice" (doc. 4).

Motion to Proceed IFP (doc.3)

Petitioner moves the Court for leave to proceed *in forma pauperis* is this action. In support of the motion, Patrick McCann, Esq., has submitted an Affidavit of Indigency to the Court stating, in sum, that he has been Petitioner's *pro bono* counsel since 1997 and that Petitioner has been indigent since 1985. Upon consideration of the motion and the affidavit of Mr. McCann, the motion for petitioner to proceed *in forma pauperis* in this proceeding is GRANTED.

Motion to Appoint Counsel (doc. 2)

Patrick F. McCann. Esq., moves the court, on behalf of petitioner, to him to represent petitioner on appeal before the Court of Appeals for the Eleventh Circuit.   Mr. McCann states that Petitioner "has been indigent for the entire time of his charges and trial and appeals...[and] [h]e is without assets of any kind...." Mr. McCann further states that he was assigned to represent Petitioner *pro bono* on his state post conviction proceedings and is familiar with the record.

Title 18 U.S.C. § 3599, captioned, "Counsel for financially unable defendants", sets forth as follows:

> (a) . . . (2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

18 U.S.C. § 3599(a)(2). Thus, the petitioner has a statutory right to appointment of counsel.

Section 3599 (c)provides for the appointment of at least one attorney after judgment and the attorney "must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." 18 U.S.C. § 2599©.  Mr. McCann states, generally, that he is a member of the Criminal Justice Act Panel in the Southern District of Texas, is capital certified to handle death penalty cases in the State of Texas at trial, appeal and habeas, and has handled over a dozen federal death cases and over thirty death cases at various levels. [1]   However, the Court has

---

[1] Mr. McCann's motion to appear *pro hac vice* contains additional information relevant to the court's determination of his qualifications.  The motion reflects that Mr. McCann was admitted to the State Bar of Texas in May 1995 and is presently admitted in the Southern District of Texas.  (Doc. 4)

insufficient information to determine whether Mr. McCann meets the requirements of 18 U.S.C. § 3599© . Mr. McCann is granted leave to file an amended motion, on or before **January 30, 2009,** with additional information relevant to the statutory requirements set out herein.

Motion to Appear Pro Hac Vice (doc. 4)

The Court's ruling on the motion to proceed *pro hac vice* is held in abeyance pending counsel's filing the supplemental information requested herein above.

**DONE** and **ORDERED** this the 16th day of January 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**