IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERNON MADISON, | ) |
| Petitioner, | ) |
| vs. | ) Civil Action No. 09-0009-KD |
| RICHARD ALLEN, | ) |
| Commissioner of the Alabama | |
| Department of Corrections, and the | ) |
| ATTORNEY GENERAL OF THE STATE | |
| OF ALABAMA, | ) |
| Respondents. | ) |

## **ORDER**

This cause is before the court on petition for the writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner on January 8, 2009. (Doc. 1).[1] The certificate of service to the petition indicates that the respondents were served with a copy of the petition. Presuming that the respondents have been served with the petition, the respondents are **ORDERED**, no later than **March 30, 2009**, to answer and show cause why the petition should not be granted. The answer shall strictly comply with the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts. Additionally, respondent should make specific reference to 28 U.S.C. § 2244(d) which provides that

---

[1] Patrick McCann, Esq., filed the petition on behalf of petitioner, Vernon Madison. Mr. Madison advised the court that he did not want Mr. McCann to continue his representation in this proceeding and moved the court for appointment of new counsel. (Doc. 6) By order dated February 5, 2009, the undersigned appointed John P. Furman, Esq., to represent petitioner in this matter. (Doc. 10) Because Mr. Furman is new to this case, the court granted counsel leave of ninety days (90) in which to file an amended petition.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d) (West 2002).

If the respondents contend that a particular claim should be denied because the claim has been previously adjudicated by the state courts in accordance with clearly established Supreme Court precedent, the respondents, as part of the answer, must specifically identify the Supreme Court authority on which the state court relied. See Nelley v. Nagle, 138 F.3d 917 (11th Cir. 1998). It is **FURTHER ORDERED** that, no later than **March 30, 2009**, the respondents shall file the entire record of this claim with the Clerk of Court as follows:

1. The record shall be divided into volumes, each consisting of approximately two hundred pages. Each volume shall be numbered and have a cover that includes the case name, the case number, and a designation of what category of documents, as described below, is contained in the volume.

2. The record shall be assembled in the following order and shall be separated by

tabs according to the following categories.

      a.      State Court – Trial. This section shall include the trial transcript and the circuit clerk's record from the trial proceeding.

      b.      Alabama Court of Criminal Appeals – Direct Appeal. This section shall include the direct appeal briefs filed by both parties with the Alabama Court of Criminal Appeals, the opinion(s) from the Alabama Court of Criminal Appeals, the formal docket sheet from the Court of Criminal Appeals, and the certificate of judgment, if applicable.

      c.      Alabama Supreme Court – Direct Appeal. This section shall include the direct appeal briefs filed by both parties with the Alabama Supreme Court, the opinion(s) from the Alabama Supreme Court, and the certificate of judgment, if applicable.

      d.      United States Supreme Court – Direct Appeal. This section shall include the pleadings filed by both parties with the United States Supreme Court and the decision(s) from the United States Supreme Court.

      e.      State Court – Collateral Appeal. This section shall include the post-conviction hearing transcript and the circuit clerk's record from the Rule 32 proceedings with the trial court.

      f.      Alabama Court of Criminal Appeals – Collateral Appeal. This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Court of Criminal Appeals and the opinion(s) from the Alabama Court of Criminal Appeals.

      g.      Alabama Supreme Court – Collateral Appeal. This section shall include the post-conviction appeal briefs filed by both parties with the Alabama Supreme Court and the opinion(s) from the Alabama Supreme Court.

      h.      United States Supreme Court – Collateral Appeal. This section shall include the pleadings filed by both parties with the United States Supreme Court and the decision(s) from the United States Supreme Court.

     3. A separate index of the record SHALL BE PREPARED which identifies each volume of the record, the category of the proceedings contained in the volume, and the general content of the record contained in the volume, including number of pages. For example, the index will read:

Volume I, Circuit Court – Trial, clerk's record pages 1-175; and Volume 2, Circuit Court – Trial, trial transcript pages 1-200. This index shall be served on the opposing party.

 4. In referencing this record in any pleadings or briefs filed in this case, the parties shall make specific reference by tab number, volume number, and page number.

 The court recognizes that the burden of producing the state court record is sometimes unduly onerous. However, it is clear that under the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the respondent, not upon the petitioner." <u>Bundy v. Wainwright</u>, 808 F.3d 1410, 1415 (11th Cir. 1987).

 The Federal Rules of Civil Procedure require that petitioner mail to counsel for respondent a true copy of anything which petitioner sends to the court, including letters. Anything filed shall specifically state that it has been served on counsel for respondent. Petitioner is further advised that any document filed with the court must be signed by petitioner or his counsel, see Fed.R.Civ.P. 11, or it will be stricken.  It is further **ORDERED** that petitioner and respondents file their respective Habeas Corpus Checklists pursuant to Standing Order No. 14 by **March 30, 2009**.[2]

 DONE and ORDERED this 12th day of February 2009.

        /s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

[2] A copy of Standing Order No. 14 is attached hereto.