# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **VERNON MADISON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09-00009-KD-B |
| | ) | |
| **RICHARD ALLEN,** | ) | |
|     Commissioner of the Alabama | ) | |
|     Department of Corrections, and the | ) | |
|     **ATTORNEY GENERAL OF THE** | ) | |
|     **STATE OF ALABAMA** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

This matter is before the Court on Petitioner Vernon Madison ("Madison")'s "Motion to Alter or Amend Judgment" (Doc. 43), filed pursuant to Fed. R. Civ. P. 59(e). Madison moves On March 21, 2011, this Court entered an order and a judgment denying Madison's habeas petition, filed pursuant to 28 U.S.C. § 2254 (Docs. 41-42). Madison filed his motion to alter or amend that order and judgment on April 18, 2011, within Rule 59(e)'s 28-day filing period. For the reasons stated below, Madison's Motion to Alter or Amend Judgment ("Rule 59(e) motion") is **DENIED** in part and **DISMISSED** in part or, alternatively, **DENIED** in its entirety.

**I.      Claims Barred for Lack of Jurisdiction**

The Court finds that it does not have jurisdiction to consider the claims raised in Madison's Rule 59(e) motion to alter or amend its judgment denying his § 2254 habeas petition, with the exception of Madison's claims of ineffective assistance of counsel.

With regard to motions for relief from a judgment under Fed. R. Civ. P. 60 made in habeas cases, the Eleventh Circuit has written:

Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case. See Fed. R. Civ. P. 60. The Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 524 . . . (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions," id. at 529 . . . (quoting 28 §U.S.C. 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). Id. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. Id. at 529—30 . . .

The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532 . . . Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. Id. A "claim," as described by the Court in Gonzalez, is "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530 . . . The Supreme Court further explained in Gonzalez that:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist a grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. **He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.**

Id. at 532 n.4 . . .

When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA. See 28 U.S.C. § 2244 . . . **[One such requirement is that] before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised**

2

> **that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.**" Gonzalez, 545 U.S. at 530 . . . ; see also 28 U.S.C. § 2244(b)(3).

Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (emphasis added).

Though Williams specifically addresses Rule 60(b) motions, the Southern District of Alabama has held that the "jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e) motions." Aird v. United States, 339 F. Supp. 2d 1305, 1311 (S.D. Ala. 2004) (Steele, J.). Accord Ellis v. Endicott, No. 07-C-882, 2007 WL 3348597, at *1, 2007 U.S. Dist. LEXIS 85240, at *2-3 (E.D. Wis. Nov. 7, 2007); Banks v. Wolfe, No. 2:05-cv-006972006, 2006 WL 2773234, at *3-5, 2006 U.S. Dist. LEXIS 68824, at *10-15 (S.D. Ohio Sept. 25, 2006). But see Thomas v. Owens, No. 5:08-CV-414 (CAR), 2009 WL 3747162, at *2 n.1, 2009 U.S. Dist. LEXIS 103683, at *6-8 n.1 (M.D. Ga. Nov. 4, 2009) (noting Aird but finding the court "has habeas jurisdiction to entertain a Rule 59(e) motion for reconsideration.").[1]

Thus, the Court finds that it does not have jurisdiction over the claims Madison raises in his Rule 59(e) motion, with the exception of his claims of ineffective assistance of counsel. These non-excepted claims seek to either "add [] new ground[s] of relief[] or . . . attack[] the federal court's previous resolution of [] claim[s] on the merits." Williams, 510 F.3d at 1293-1294 (internal quotations omitted). As such, they must collectively be considered a successive habeas petition, which this Court cannot accept without leave of a higher court. See id. at 1294.

---

[1] It should be noted that Aird applied the "jurisdictional prohibition on Rule 60(b) motions in the habeas context" laid out in Gonzalez v. Secretary for the Department of Corrections, 366 F.3d 1253, 1281-1282 (11th Cir. 2004), Aird, 339 F. Supp. 2d at 1309-11, which was later substantially affirmed by the United States Supreme Court in Gonzalez v. Crosby, supra, albeit with some elaboration and the requirement of additional analysis as to what constitutes a habeas "claim." This Court has determined that this history does not affect the fundamental holding in Aird that the jurisdictional restrictions placed on Rule 60(b) motions by the Antiterrorism and Effective Death Penalty Act of 1996 apply with equal force to Rule 59(e) motions.

Therefore, all claims raised in Madison's Rule 59(e) motion, with the exception of his ineffective assistance of counsel claims, are due to be **DISMISSED** for lack of jurisdiction by this Court.

The Court finds that Madison's claims of ineffective assistance of counsel are not considered part of a successive habeas petition, as they do not "attack[] the federal court's previous resolution of [] claim[s] on the merits." Id. at 1294. In this Court's order denying Madison's habeas petition, Madison's claims of ineffective assistance of counsel were deemed "defaulted in state court pursuant to independent and adequate state procedural grounds" and were therefore "procedurally barred in this Court." (Doc. 41 at 18). As was noted in Gonzalez v. Crosby, such an adjudication is not a resolution on the merits. See 545 U.S. at 532 n.4. Therefore, the Court finds that it can further consider Madison's ineffective assistance of counsel claims raised in his Rule 59(e) motion.

## II. Claims Fail on the Merits

The decision to grant or deny a Rule 59(e) motion is committed to the sound discretion of the district court. See Stewart v. Lastaiti, No. 10-12571, 2010 WL 4244064, at *1, 2010 U.S. App. LEXIS 22542, at *1 (11th Cir. Oct. 28, 2010) (citing Lambert v. Fulton Cnty., Ga., 253 F.3d 588, 598 (11th Cir. 2001)). "The only grounds for a district court to grant a motion to alter or amend judgment are new evidence and manifest error . . . A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. at WL *1, LEXIS *1-2 (internal quotations omitted) (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

With regard to his ineffective assistance of counsel claims, Madison asks this Court to "reconsider its decision finding th[ese] claim[s] procedurally barred, address the claim[s] on the merits, and grant [him] habeas corpus relief." (Doc. 43 at 23). However, Madison has pointed to

no new evidence, nor has he identified any manifest error, that would give the Court reason to reconsider its determination that his claims of ineffective assistance of counsel, as raised in his habeas petition, are procedurally barred.

Assuming, in contrast to the Court's earlier finding, that Madison's remaining claims in his Rule 59(e) motion do not constitute an impermissible successive habeas petition, the Court finds that Madison is due no relief on these claims either. He has neither presented new evidence nor shown manifest error sufficient to justify granting his motion, and his arguments attempting to show the merit of these claims either were not raised in his original habeas petition, though they could have been, or have already been raised in his petition and addressed by this Court.

Thus, Madison's claims in his Rule 59(e) motion are meritless, and his motion is due to be **DENIED**.

## III.  Conclusion

For the foregoing reasons, the Court concludes that the ineffective assistance of counsel claims in Madison's Motion to Alter or Amend Judgment (Doc. 43) are meritless, and it is **ORDERED** that they are **DENIED**. The Court finds that it lacks jurisdiction to consider the remaining claims in Madison's Motion to Alter or Amend Judgment (Doc. 43); therefore, it is **ORDERED** that these claims are **DISMISSED**. Alternatively, even if the Court has jurisdiction over all his claims, Madison's grounds for seeking relief from judgment are meritless, and it is **ORDERED** that the Motion to Alter or Amend Judgment (Doc. 43) is **DENIED** in its entirety.

**DONE** and **ORDERED** this the **25th** day of **April, 2011.**

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**