IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERNON MADISON,      )  |   |
|     Petitioner,      ) | |
|      ) | |
| v.      ) | CIVIL ACTION NO.: 09-00009-KD-B |
|      ) | |
| RICHARD ALLEN, *et al.*,      ) | |
|     Respondents.      ) | |

**ORDER**

This action is before the Court on the mandate of the United States Court of Appeals for the Eleventh Circuit, wherein this Court's order denying Petitioner's federal habeas petition was affirmed in part, reversed in part, and remanded to this Court with instructions "to complete the final two steps of the Batson proceedings." (Doc. 55 at 12; Doc. 56 at 14). In light of this mandate, the Court finds that briefing and an evidentiary hearing are necessary in this case.

Accordingly, it is **ORDERED** that the State shall file a brief addressing Petitioner's Batson claim on or before **August 3, 2012,** and Petitioner shall file a response to the State's brief on or before **August 24, 2012**.[1]  It is further **ORDERED** that an evidentiary hearing in this matter is scheduled for **September 20, 2012, at 9:00 a.m.,** in Courtroom 5A.

---

[1] In this case, the Eleventh Circuit has concluded that step one of the Batson analysis, the prima facie case, has been met. Therefore, the parties are to address steps two and three of the Batson analysis. See Madison v. Commissioner, Ala. Dep't of Corrs., 2012 WL 1450039, *3 (11th Cir. April 27, 2012) ("[s]econd, once the defendant has made out a prima facie case, the burden shifts to the State to explain adequately the racial exclusion by offering permissible race-neutral justifications for the strikes. Third, if a race-neutral explanation is tendered, the trial court must then decide ... whether the opponent of the strike has proved purposeful racial discrimination.") (quoting Johnson v. California, 545 U.S. 162, 168 (2005)).

With respect to briefing and the hearing, the parties are **INSTRUCTED** to submit evidentiary support for their arguments, including evidence in the state court record upon which they rely and new evidence as appropriate. The Court is aware of the evidentiary limitations placed upon federal courts assessing a habeas claim under 28 U.S.C. § 2254(d), as set forth by the Supreme Court in Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388 (April 4, 2011). However, because the Eleventh Circuit has previously completed the § 2254(d) review in this case and has determined that the state court decision violated the standards of § 2254(d)(1), see Madison, 2012 WL 1450039, at *4, the Court finds that Pinholster is no longer applicable.[2] At this stage of the proceedings, the Court will conduct a *de novo* review of Petitioner's Batson claim, unconstrained by Pinholster. See Skipwith v. McNeil, 2011 WL 1598829, *5 (S.D. Fla. April 28, 2011) ("*[n]ow that the section 2254(d) hurdle has been cleared*, the Court agrees with Judge White's reasons for holding an evidentiary hearing and considers Skipwith's ineffective

---

[2] The Court assumes that the Eleventh Circuit considered Pinholster inapplicable to these remand proceedings given that it did not mention Pinholster in its decision and, instead, referred this Court to United States v. Ochoa-Vasquez, 428 F.3d 1015, 1045 (11th Cir. 2005), and Paulino v. Castro, 371 F.3d 1083, 1092 (9th Cir. 2004) ("Paulino I"), both of which support the consideration of new evidence by the district court on remand when resolving a Batson issue. See Madison, 2012 WL 1450039, at *5 ("if the Batson objector's 'evidence establishes a prima facie case, then we would need to remand to the district court for further Batson proceedings, including a statement of the reasons by the government for … its peremptory strikes.'") (quoting Ochoa, 428 F.3d at 1046 n.40) and (citing Paulino I, 371 F.3d at 1092, in which the Ninth Circuit ordered the district court on remand to "hold a hearing so the state will have an opportunity to present evidence as to the prosecutor's race-neutral reasons for the apparently-biased pattern of peremptories, and determine whether the prosecutor violated Batson."). In Paulino II, the Ninth Circuit described the hearing that took place on remand as a Batson "reconstruction" hearing, that is, "an evidentiary hearing that takes place some time after the trial, where the prosecutor testifies to her actual reasons for striking the venire-members in question, or the State presents circumstantial evidence of those reasons...." Paulino v. Harrison, 542 F.3d 692, 700 (9th Cir. 2008) ("Paulino II"). This Court interprets the Eleventh Circuit's incorporation of Ochoa and Paulino I in its remand instructions as an indication of its intention for this Court to conduct a Batson evidentiary hearing and to develop Petitioner's Batson claim by considering evidence of the prosecutor's race-neutral reasons for striking the venire members in question, even if that evidence was not previously presented to the state courts.

assistance of counsel claim on its merits.") (emphasis added); Werber v. Milligan, 2012 WL 1458098, *8 (N.D. Ohio April 26, 2012) (recognizing that Pinholster "*allow*[s] ...an evidentiary hearing after a reviewing court determines that a petitioner's claim satisfies § 2254(d).") (emphasis in original); Watson v. Cate, 2011 WL 6202788, *54  (S.D. Cal. Dec. 6, 2011) ("If Petitioner can satisfy the provisions of § 2254(d) by showing that, based on the state court record, the state court adjudication of his claim involved an objectively unreasonable application of Strickland, then Pinholster arguably would not preclude further development of the record in order to determine whether Petitioner *actually* received constitutionally ineffective assistance of counsel.") (emphasis in original); Hearn v. Ryan, 2011 WL 1526912, *2 (D. Ariz. April 21, 2011) ("[T]his Court made a final decision concerning the unreasonableness of the state court's decision, based on the state court record, and that decision is not dependent on the outcome of the evidentiary hearing.  Having determined Petitioner's Faretta claim satisfied § 2254(d)(1), it fell to this Court to resolve the claim ... Pinholster does not prevent this Court from considering evidence of express consent presented at the evidentiary hearing."); Pao Lo v. Kane, 2011 WL 2462932, *32  (E.D. Cal. June 17, 2011) (holding that, because the state court's decision failed to meet the criteria of § 2254(d)(1), "Pinholster [was] inapplicable," and the "reviewing court must conduct a de novo review of the applicable habeas claim.").

It is **ORDERED** that the **STATE CUSTODIAN SHALL PRODUCE** Petitioner Vernon Madison pursuant to the writ of habeas corpus for the **evidentiary hearing** on **September 20, 2012, at 9:00 a.m.,** in Courtroom 5A of the U.S. Courthouse.

The **CLERK** is **DIRECTED** to prepare **timely writs of habeas corpus** in order to ensure Petitioner Vernon Madison's presence for the September 20, 2012 evidentiary hearing.

The **CLERK** is **DIRECTED** to provide a copy of this Order and the accompanying writ of habeas corpus to the U.S. Marshal Service for compliance with same.

**DONE** and **ORDERED** this the **17th** day of **July 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**